IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Everett Bernard Robinson, #16590-064, | C/A No. 8:15-4277-TMC-JDA |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Bobby Meeks, | |
| Respondent. | |

Everett Bernard Robinson ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  Petitioner is a federal prisoner incarcerated at FCI Williamsburg in Salters, South Carolina.  He brings this action relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and he contends that his sentence is now unconstitutional.  The Petition should be dismissed without prejudice for lack of jurisdiction.

## **BACKGROUND**

On or about October 19, 2015, Petitioner filed this habeas action alleging that his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), is no longer valid following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] [Doc. 1; Doc. 1-1.] He seeks to be re-sentenced without the ACCA enhancement. [*Id.*]

It appears that in 2007 Petitioner was convicted in the United States District Court for the Western District of Oklahoma by a jury of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). [Doc. 1-7 at 1; Doc. 1.] He received a 180-month sentence allegedly pursuant to the ACCA. [Doc. 1.]  Petitioner contends that the

---

[1]He also relies on *Johnson v. United States*, 559 U.S. 133 (2010).

sentencing court determined he had three prior predicate convictions (violent felonies) that qualified under the ACCA and required a sentence enhancement. [Doc. 1-1.] Petitioner argues that he actually only has one prior conviction that would count as a predicate under the ACCA. [*Id.*]

Petitioner alleges that he unsuccessfully filed a direct appeal and a first § 2255 motion to vacate in the sentencing court. [Doc. 1.] Further, Petitioner attached documents to show that he filed a motion in the United States Court of Appeals for the Tenth Circuit requesting permission to file a second § 2255 motion with the sentencing court. [Doc. 1-6; Doc. 1-7.] The Court of Appeals denied his request on September 24, 2015. [Doc. 1-7.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading

to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)); *see also United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Surratt*, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district

3

court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting *Rice*, 617 F.3d at 807)).[2]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Surratt*, 797 F.3d at 247 (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, *Surratt*, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As "the Supreme Court has told us," actual innocence "'means

---

[2] Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted); *see also Surratt*, 797 F.3d at 252 (same).

4

factual innocence, not mere legal insufficiency.' " *Surratt*, 797 F.3d at 250 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

In this case, because Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Petition is subject to summary dismissal. *Surratt*, 797 F.3d at 268. Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion. Instead, Petitioner challenges the legal classification of two of the three predicate offenses used to enhance his sentence, which "constitutes the sort of argument . . . deemed insufficient" by the Fourth Circuit to trigger relief under the savings clause. *Surratt*, 797 F.3d at 250.

The United States Supreme Court recently held that the residual clause of the ACCA is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, the Court's holding in *Johnson* did not make the conduct for which the instant Petitioner was convicted non-criminal. Thus, under Fourth Circuit precedent, Petitioner would be unable to satisfy § 2255's savings clause to seek relief under § 2241 based on *Johnson*. *See Brown v. Butler*, C/A No. 15-CV-88-HRW, 2015 WL 6702451, at *4 (E.D. Ky. Nov. 3, 2015) ("Since *Johnson* was rendered four months ago, district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a *Johnson* claim.") (collecting cases); *Swanson v. Zych*, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the *Johnson* decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."); *see also Surratt*, 797 F.3d at 247.

5

Moreover, *Johnson* has not been determined by the Supreme Court to be retroactive to cases on collateral review and circuit courts are split on whether the *Johnson* rule may be retroactively applied. *Compare Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (yes); *Pakala v. United States*, 804 F.3d 139 (1st Cir. 2015) (yes), *with In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015) (no); *In re Rivero*, 797 F.3d 986 (11th Cir. 2015) (no); *In re Williams*, No. 15-30731, 2015 WL 7074261 (5th Cir. Nov. 12, 2015) (no). Accordingly, addressing the merits of a *Johnson* claim under § 2241 would be premature in any event.

### **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

December 1, 2015                                S/Jacquelyn D. Austin
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).