IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Everett Bernard Robinson, #16590-064, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 8:15-4277-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bobby Meeks, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was sentenced in the District Court for the Western District of Oklahoma, and was, at the time this motion was filed, confined at the Williamsburg Federal Correctional Institution in Salters, South Carolina. Petitioner alleges that he was improperly sentenced as an armed career criminal and cites to *Johnson v. United States*, 560 U.S. 2551 (2015).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Petitioner's petition be dismissed without prejudice and without requiring Respondent to file an answer or return. (ECF No. 14). Petitioner filed timely objections. (ECF No. 17).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

1

case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (*citing In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the 2255 savings clause which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Section 2255 relief is inadequate or ineffective when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 329 (4th Cir. 2000).

The court finds that when the Report was filed and Petitioner's objections were filed, a remedy under § 2255 arguably may not have been available. However, the United States Supreme Court has since ruled in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* announced a new constitutional rule that applies retroactively. Thus, a remedy under § 2255 is now available. Because Petitioner can obtain the relief he seeks using a § 2255 motion if he is entitled to it, the court lacks jurisdiction to consider the § 2241 motion. *See* 28 U.S.C. § 2255(e); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The court notes that it appears that after obtaining authorization from the Tenth Circuit Court of Appeals, Petitioner filed a § 2255 motion

in the sentencing court on May 20, 2016.  *Robinson v. United States*, No. 5:07-cr-72 (W.D. Okla. 2016).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Petitioner's objections are without merit and adopts the Report (ECF No. 14).  Accordingly, this action is **DISMISSED** without prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

> s/Timothy M. Cain
> United States District Judge

June 10, 2016
Anderson, South Carolina